UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARLA WHITE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | Case No. 4:16cv214 |
|  | ) |  |
| PHGG, LLC d/b/a GEORGIAN | ) |  |
| GARDENS NURSING CENTER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM & ORDER

This matter is before the Court on plaintiff's motion to compel (#25). Plaintiff alleges she was terminated by defendant from her position as a nursing home administrator for reporting violations of law by another employee of defendant to the authorities. Defendant denies plaintiff's claim and asserts in its Answer that plaintiff was fired due to her handling of issues related to deficiencies in its sprinkler system.

Plaintiff seeks additional information in response to four interrogatories and three requests for production of documents propounded on defendant. Each is discussed below.

> **INTERROGATORY NO. 6.** Please identify plaintiff Carla White's role in resolving the issues with the sprinkler system and any actions taken by Ms. White to attempt to resolve these issues.
>
> **ANSWER:** Objection. Defendant objects that this Interrogatory is vague and ambiguous. Plaintiff was tasked with ensuring that the sprinkler system was in a safe and working condition. Beyond that, Defendant does not understand this interrogatory.

Plaintiff complains that defendant's response is incomplete because it does not address plaintiff's specific duties with respect to the sprinkler system, whether she should have been aware of an issue with the system, and what steps plaintiff took to resolve these issues. Defendant correctly observes that plaintiff did not ask for "specific duties" or of what she should have been aware. The Court finds that defendant adequately responded to plaintiff's "role" as requested by the interrogatory. As for the actions plaintiff took to resolve the sprinkler system issues, defendant says plaintiff has that information herself. However, it is not unreasonable for defendant to answer what it perceived as the actions she took to resolve the sprinkler system issues.

> **INTERROGATORY NO. 7.** Please identify and describe the process that Ms. White was to go through to have the sprinkler system repaired, including whether or not Ms. White could have approved such repairs without the approval of her superiors.
>
> **ANSWER:** As Administrator of the facility, plaintiff was ultimately responsible for ensuring that the facility met all applicable standards, including those governing the fire suppression system. Plaintiff was expected to determine what repairs were necessary and then follow through with a plan to ensure compliance with any applicable standards.

Plaintiff says defendant failed to fully answer either part of the interrogatory. Defendant counters that it "clearly described what Plaintiff's responsibilities were, what the expectations were for her, and what she was to do to meet those responsibilities and expectations." (#27 at 4.) As for whether repairs would have required approval of her supervisors, defendant states it cannot be more precise because the answer depends on the nature of the repairs plaintiff believed were necessary, and defendant offered to supplement its response to so indicate. Defendant should do so.

> **INTERROGATORY NO. 17.** Please identify the name, job title, address, and telephone number of the Maintenance Supervisor, and any other individual, who had any responsibility for the maintenance and repair of the sprinkler system during Ms. White's employ and describe the role of each such individual.
>
> **ANSWER:** Casey Thornton and Dames Dinger held the position of Maintenance Supervisor during Plaintiff's employment.
>
> Defendant states that it provided additional contact information as it was obtained.

Plaintiff states that defendant has not described the role of each identified person; however, defendant has described the "role" of the maintenance supervisor by directing plaintiff to the job description for that position that was part of its original document production. The Court agrees that was a sufficient response for the question that was asked.

> **REQUEST NO. 15.** All documents related to the job duties and performance of the Maintenance Supervisor and any and all other employees responsible, in any way, for the maintenance and repair of the sprinkler system during Ms. White's employ with you.
>
> **ANSWER:** Objection. This request is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses in the case and not proportional to the needs of the case in its request for "all documents" related to any job duties and/or the performance of any Maintenance Supervisor without regard to time or scope. Without waving and subject these objections, defendant will produce the job description of the Maintenance Supervisor. Please see document produced herewith at Bates number PHGG000189-92.

Plaintiff finds defendant's referral to the Maintenance Supervisor job description inadequate and reasserts its need for "documents related to the job duties and the performance of those duties by the Maintenance Supervisor, as well as any and all other employees responsible, in any way, for the maintenance and repair of the sprinkler system." (#26 at 5.) Defendant responds that the request is improperly without limits on

3

its scope. The request, however, does limit the time period to "during Ms. White's employ with you," and the reasonable interpretation of that the request would limit documents to the time period during which plaintiff was employed. The Court agrees that the scope of the request is overly broad, though, in that it might conceivably implicate any document (email, memorandum) mentioning any Maintenance Supervisor (or other employee who ever worked on the sprinkler system) because "job duties and performance" is broad enough to encompass all of such an individual's actions. If the request were further tailored to identify documents about the repair of the sprinkler system, instead of any individual who had responsibility of any kind for the sprinkler system, this request may not have been so objectionable.

**INTERROGATORY NO. 13; REQUESTS 4 and 9:** These ask defendant to identify the reasons for its termination of Linda Dugan, defendant's former Director of Operations, the facts and events that contributed to her termination, and all individuals involved in her termination. They also ask that the defendant produce all documents related to Dugan's termination and any internal or external investigation involved therewith. Defendant objected, claiming that the information was irrelevant and that it sought personal information about a non-party former employee.

Plaintiff's complaint alleges that Dugan and potentially others terminated her for reporting crimes committed by a coworker and for participating in a subsequent police investigation. Plaintiff contends that, if Dugan's termination was related to (1) the crimes committed by the coworker, (2) actions taken by Dugan after she became aware of the

crimes, (3) the sprinkler system, or (4) her conduct toward plaintiff, then information related to the investigation and termination of Dugan is relevant to plaintiff's claim and defendant's defenses.

Defendant states in its briefing that plaintiff's "attempt to link her termination to that of Ms. Dugan simply makes no sense." (#27 at 8.) The Court disagrees. Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Trickey v. Kaman Indus. Techs. Corp.*, 1:09CV26 SNLJ, 2010 WL 5067421, at *2 (E.D. Mo. Dec. 6, 2010) (quoting *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005)). This Court is mindful that discovery is nonetheless not permitted where there is no need shown, where compliance would be unduly burdensome, or where "harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Id.* (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)). Here, however, the Court finds there is certainly a "possibility" that the circumstances of Dugan's termination is relevant to plaintiff's allegations that Dugan fired her for reporting crimes or defendant's defense that plaintiff was actually fired due to her actions or inactions regarding the sprinkler system. Defendant's protest that the requests seek "personal

information" is without merit, as the Protective Order entered in this case protects any such personal information that may be disclosed.

Defendant states that it "has not located any documents describing the reasons for Ms. Dugan's termination at this time." (#27 at 8.) The Court presumes that some documents must exist bearing on the discharge of the company's Director of Operations, particularly in light of the circumstances of this case, which involve the potential cover-up of theft from nursing home residents. Although there may not be a memorandum explaining exactly the reasons for Dugan's termination, it is doubtful that no documents exist related to her termination in light of her high-level position with the company. Furthermore, defendant can and should respond to the interrogatory regarding the reasons for and circumstances surrounding Dugan's termination.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel (#25) is GRANTED in part and DENIED in part, as described herein.

IT IS FURTHER ORDERED that defendant shall update its discovery responses as described herein and serve those responses on plaintiff no later than December 6, 2016.

Dated this ___15th___ day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE